GEORGE COUSENS, complainant-appellant,

*v.*

MARION J. COUSENS et al., defendants-respondents.

[Submitted October term, 1944.   Decided February 2d, 1945.]

*Mr. Saul Nemser,* for the complainant-appellant.

*Mr. Maurice A. Scotch,* for the defendants-respondents.

PER CURIAM.

This is an appeal from a decree of the Court of Chancery, advised by Vice-Chancellor Stein, who filed an opinion which is not reported, dismissing a bill of complaint to impress a trust upon premises in Union, New Jersey, title to which is in the name of defendant Marion J. Cousens. Two infant children of the defendant are made parties defendants. Complainant, who is the uncle of the two children, paid the entire purchase price for the property in question and accepted the deed dated October 14th, 1938, in the name of the defendant.

Complainant's brother, Charles Cousens, died June 10th, 1940, intestate, leaving him surviving his wife, the defendant Marion J. Cousens and the two infant children. At the time of this death Charles Cousens and his wife and two children were residing in the premises together with complainant. After his brother's death complainant, defendant and the two children continued to occupy the premises until about June 28th, 1943, when a dispute arose concerning the proposed sale of the premises by the defendant, whereupon complainant filed his bill.

Paragraphs 5 and 6 of the amended bill allege the oral trust to be as follows:

"5. Prior to the conveyance of said premises it was agreed between the complainant, his brother, Charles Cousens and Marion J. Cousens, that the title to the said premises should be taken in the name of Marion J. Cousens and that the said Marion J. Cousens should hold the said property and keep and maintain therein a home for the use of complainant, and his brother, Charles, herself and the two children of Charles and Marion aforesaid. That the complainant should occupy a part thereof so long as he, the complainant, desired to live in said premises, or in the alternative until such time as the said Charles Cousens would repay to complainant the various sums of money that he, the complainant, would expend in the buying and improvement of said premises, and that

in the event that the complainant died that said property should be held by the said Marion J. Cousens for the uses and benefits of the said children of Charles Cousens and Marion J. Cousens and for their maintenance and future education, it having been so made known to the said Charles Cousens and Marion J. Cousens prior to the acquisition of said premises.

"It was further understood and agreed that the said Marion J. Cousens should and would, when requested by complainant, execute and deliver to the complainant an instrument in writing declaring the terms and conditions of the aforesaid understanding and agreement.

"6. The defendant Marion J. Cousens further agreed that she would not sell or encumber the said premises without the consent of the complainant and that if the property were sold that the complainant would be reimbursed for all sums of money advanced by him for the purchase and improvement of the said property and for any advances made for the payment of taxes, water, insurance or upkeep thereof. It was agreed that from such reimbursement that the complainant would provide for the future welfare of said children."

Defendant denies paragraphs 5 and 6 of the amended complaint and denies that there was any trust, either resulting, express or implied, and says the conveyance was made to her absolutely, without promise, agreement or undertaking on her part to carry out the terms of any mutual agreement, but in appreciation for services she had rendered over a period of many years to complainant and his parents.

The learned Vice-Chancellor thought the defense of laches should in this case be invoked. The trust is alleged to have been entered into in 1938 with the defendant and her husband, yet the complainant did nothing with respect thereto by way of action or otherwise until three years after the death of his brother, who was a party to the transaction and whose testimony is lost to the defendant through the lapse of time and the tardy assertion by the complainant of his rights; that this tardiness on the part of the complainant had so prejudiced the defendant that it would now be unjust to permit him to exercise his rights, if any he had.

The Vice-Chancellor was also of the opinion that the deed in question was in reality a gift to the defendant sister-in-law because of her services rendered in conducting and maintaining the home in Larchmont for complainant's aged parents and himself, and that it was complainant's idea that he, and the defendant and her husband would continue to live together in the premises in Union without the payment for board and lodging by complainant, the arrangement being that he would help the defendant and her husband toward payment of taxes and some repairs, and that the trust theory now advanced was an afterthought because of some differences which arose between the complainant and the defendant some considerable time after the death of defendant's husband.

There is also an allegation in the bill concerning the retention by defendant of some furniture which complainant claims belongs to him, but which defendant says was the property of her husband and herself, title thereto having been vested in them either by purchase by them or through the medium of gifts to them by complainant. This aspect of the bill is collateral and incidental, and since no relief was prayed for on account of the same, it was within the province of the court in determining the main issue against complainant to dismiss the entire bill.

The real issue here is solely a factual one.

We have examined the proofs and briefs submitted and concur in the conclusion of the Vice-Chancellor that the complainant failed to establish by legal and competent proof the allegations set forth in the bill of complaint. We are of the opinion that the bill of complaint was properly dismissed.

The decree is accordingly affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, THOMPSON, JJ. 11.

*For reversal*—None.